**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9          SAN JOSE DIVISION

10   IN RE:                                              CASE NOs. 5:14-cv-02541 EJD; 5:14-cv-
                                                         02542 EJD; 5:14-cv-02543 EJD
11   ROSALIE AUBREE GUANCIONE,
                                                         **ORDER DENYING MOTIONS FOR**
12          Debtor.                                      **RECUSAL**

13   _____/

14   ROSALIE A. GUANCIONE,

15
            Plaintiff(s),
16      v.

17   STATE OF CALIFORNIA, et. al.,

18
            Defendant(s).
19   _____/

20          On June 16, 2014, Appellant Rosalie Aubree Guancione ("Appellant") filed certain

21   documents in each of the three cases captioned above which the court has construed as motions for

22   recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455.[1]

23          Under §§ 144 and 455, recusal is appropriate where "a reasonable person with knowledge of

24   all the facts would conclude that the judge's impartiality might reasonable be questioned." Yagman

25   v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993).  Such recusal may rest on either "actual bias or

26   _____

27          [1] Assuming Appellant filed the instant motion pursuant to 28 U.S.C. § 144, this court must
     pass on the legal sufficiency of the affidavit in the first instance. See Toth v. Trans World Airlines,
     Inc., 862 F.2d 1381, 1388 ("Only after the legal sufficiency of the affidavit is determined does it
28   become the duty of the judge to 'proceed no further' in the case.").

**United States District Court**
For the Northern District of California

1  the appearance of bias." <u>Id</u>.  A district judge has a duty to disqualify himself "in any proceeding in

2  which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice

3  concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

4  28 U.S.C. § 455(a), (b)(1).  However, "[f]ederal judges are obligated not to recuse themselves where

5  there is no reason to question their impartiality."  <u>New York City Housing Develop. Corp. v. Hart</u>

6  796 F.2d 976, 980 (7th Cir. 1986).

7         The court has carefully reviewed Appellant's documents and finds no basis for

8  disqualification based on the list of involved parties identified therein.  In addition, Plaintiff's other

9  contentions fail to describe a valid basis for the undersigned's recusal.  Indeed, the assertion that the

10  undersigned is disqualified due to a purported "self-recusal" in a 2008 state court case has been

11  raised by Appellant before and rejected.[2]  The court rejects it again here.  <u>See</u> <u>Pesnell v. Arsenault</u>,

12  543 F.3d 1038, 1044 (9th Cir. 2008) (holding that "alleged bias must usually stem from an

13  extrajudicial source."); <u>Guardian Pipeline, L.L.C. v. 950.80 Acres of Land</u>, 525 F.3d 554, 557 (7th

14  Cir. 2008) ("Disqualification is case-specific; the statute does not put a whole subject matter out of

15  bounds to a judge with no concrete investment in a particular dispute.").  Moreover, the fact that

16  Appellant may have named the undersigned in a lawsuit after the case was assigned to this court is

17  not a valid basis for recusal.[3]  <u>See</u> <u>United States v. Studley</u>, 783 F.2d 934, 939-40 (9th Cir. 1986)

18  ("A judge is not disqualified by a litigant's suit or threatened suit against him.").

19         For these reasons, Appellant's motion for recusal is DENIED.

20  **IT IS SO ORDERED.**

21

22  Dated:  July 8, 2014

23  _____
    EDWARD J. DAVILA
    United States District Judge

24

25

26

27         [2] <u>See</u> Docket Item No. 63 in <u>Riverwalk Holdings, Ltd. v. Guancione</u>, Case No. 5:12-cv-05748 EJD.

28         [3] <u>See</u> Docket Item No. 42 in <u>Riverwalk Holdings</u>, in which document the undersigned appears for the first time as a named defendant.

CASE NOs. 5:14-cv-02541-EJD; 5:14-cv-02542 EJD; 5:14-cv-02543 EJD
ORDER DENYING MOTIONS FOR RECUSAL